# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| TAMMY BECK,<br>                Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK INC., NOVO NORDISK A/S, and ELI LILLY AND COMPANY,<br>                Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

**IDENTIFICATION OF PARTIES**

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Tammy Beck                                                                                      .

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A                                                                                      , as _____ of the estate of _____, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A                                                                                      .

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: N/A                                                                                      .

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

   _X_   Novo Nordisk Inc.

   _X_   Novo Nordisk A/S

   _X_   Eli Lilly and Company

   ____   Lilly USA, LLC

   ____   other(s) (identify): _____

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

   Wynne, Arkansas

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

   Arkansas

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

   Arkansas

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

   Wynne, Arkansas

10. Jurisdiction is based on:

    _X_   diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____ other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    Eastern District of Arkansas

12. Venue is proper in the District Court identified in Paragraph 11 because:

    _X_   a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

____N/A_____

Case 2:26-cv-00480-KSM   Document 1   Filed 01/25/26   Page 4 of 12

## PRODUCT USE

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

   __X__   Ozempic (semaglutide)

   __X__   Wegovy (semaglutide)

   _____   Rybelsus (oral semaglutide)

   _____   Victoza (liraglutide)

   _____   Saxenda (liraglutide)

   _____   Trulicity (dulaglutide)

   __X__   Mounjaro (tirzepatide)

   _____   Zepbound (tirzepatide)

   _____   Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

   _Ozempic: December 2020 – March 2023_____

   _Mounjaro: July 2022 – May 2023_____

   _Wegovy: June 2024 – October 2024_____

   _____

**INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

  _X___ Gastroparesis

  _X___ Other gastro-intestinal injuries (specify) Impaired gastric emptying with severe gastrointestinal symptoms

  _____ Ileus

  _____ Ischemic Bowel/Ischemic Colitis

  _____ Intestinal Obstruction

  _____ Necrotizing Pancreatitis

  _____ Gallbladder Injury (specify) _____

  _____ Micronutrient Deficiency

  _____ Wernicke's encephalopathy

  _____ Aspiration

  _____ Death

  _____ Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

  Gastroparesis with severe gastrointestinal symptoms: January 2023

  Moderate gastric emptying delay with severe gastrointestinal symptoms: March 2023

  Delayed solid gastric emptying: December 2025

6

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    _X_    Injury to self

    _____ Injury to person represented

    _____ Economic loss

    _____ Wrongful death

    _____ Survivorship

    _____ Loss of services

    _____ Loss of consortium

    _____ other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

   __X__ Count I:     Failure to Warn – Negligence

   __X__ Count II:    Failure to Warn – Strict Liability

   __X__ Count III:   Breach of Express Warranty/Failure to Conform to Representations

   __X__ Count IV:   Breach of Implied Warranty

   _____ Count V:    Fraudulent Concealment/Fraud by Omission

   _____ Count VI:   Fraudulent/Intentional Misrepresentation

   __X__ Count VII:  Negligent Misrepresentation/Marketing

   _____ Count VIII: Strict Product Liability Misrepresentation/Marketing

   __X__ Count IX:   Innocent Misrepresentation/Marketing

   _____ Count X:    Unfair Trade Practices/Consumer Protection (see below)

   __X__ Count XI:   Negligence

   __X__ Count XII:  Negligent Undertaking

   _____ Count XIII: State Product Liability Act (see below)

   _____ Count XIV: Wrongful Death

   _____ Count XV:  Loss of Consortium

   _____ Count XVI: Survival Action

   __X__ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

*See, e.g.*, ¶¶ 606-640 of the Master Complaint (negligent failure to warn); ¶¶ 641-674 (strict liability failure to warn); ¶¶ 675-698 (breach of express

8

<u>warranty); ¶¶ 699-720 (breach of implied warranty); ¶¶ 801-824 (Negligent Misrepresentation/Marketing); ¶¶ 849 (Innocent Misrepresentation/Marketing); ¶¶ 866-880 (Negligence); ¶¶ 881-903 (Negligent undertaking), all incorporated herein by reference.</u>

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

       N/A

    b. Identify the factual allegations supporting those claims (by subsection, if applicable):

       N/A

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

       <u>AR Code § 16-116-201 – 16-116-207 (2024)</u>

    b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

    c. Identify the factual allegations supporting those claims:

       <u>*See, e.g.*, ¶¶ 606-640 of the Master Complaint (negligent failure to warn); ¶¶ 641-674 (strict liability failure to warn); ¶¶ 675-698 (breach of express warranty); ¶¶ 699-720 (breach of implied warranty); ¶¶ 866-880 (negligence); ¶¶ 881-903 (negligent undertaking), all incorporated herein by reference.</u>

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

      22.    If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)?  __N/A_____[1]. If so, attach such notice.

---

[1] To the extent that any pre-suit notice was required, Plaintiff has complied or substantially complied with all applicable notice requirements or is otherwise excused from compliance for this proceeding. Defendant(s) had notice of their violations for years including lawsuits dating back to 2023. In response, Defendant(s) refused to acknowledge and cure the violations alleged herein in a manner that would compensate Plaintiff for the losses Plaintiff has suffered as a result of the misconduct alleged herein. Therefore, any additional notice would be futile.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: _1/25/2026_____

By: */s/ Hannah Pfeifler*
Hannah Pfeifler (Admitted *Pro Hac Vice)*
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main St., Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
Facsimile: (850) 916-7449
hpfeifler@awkolaw.com
*Attorney for Plaintiff Tammy Beck*
